UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED MOSHRIF,<br><br>      Plaintiff,<br>  v.<br><br>KING COUNTY PROSECUTION OFFICE et al.,<br><br>      Defendants. | CASE NO. 2:24-cv-01306-LK<br><br>ORDER DISMISSING COMPLAINT |

  This matter comes before the Court sua sponte. On August 21, 2024, United States Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Mohamed Moshrif's application to proceed in forma pauperis ("IFP") and his complaint was posted on the docket. Dkt. Nos. 4–5. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Mr. Moshrif's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

# I.     BACKGROUND

Mr. Moshrif, a resident of Egypt, initiated this action on August 14, 2024 against Defendants King County Prosecutor's Office and the City of Redmond's Prosecutor's Office. Dkt. No. 1 at 1; Dkt. No. 5 at 2. In his complaint, Mr. Moshrif states that he was found guilty in May 2012 of multiple violations of a no-contact order and was consequently incarcerated for nine months. Dkt. No. 5 at 5–6. Because his conviction violated Section 212(a)(2) of the Immigration and Naturalization Act ("INA"), he left the United States in January 2013. *Id.* at 6.[1]

Several months later, City of Redmond prosecutors brought five different charges against Mr. Moshrif, requesting that a suspended sentence be revoked due to his violation of his terms of probation. Dkt. No. 5 at 6. Mr. Moshrif avers that this violation was due to his being charged with two counts of Domestic Violence Felony Violation of a Court Order, which were both ultimately dismissed without trial. *Id.*; *see also State v. Moshrif*, No. 12-1-05542-1, Dkt. No. 1 (King Cnty. Super. Ct. Oct. 4, 2012) (information charging Mr. Moshrif); *id.* Jan. 29, 2013 and May 28, 2013 Docket Entries (dismissing charges). He asserts that the additional charges that the Redmond prosecutors brought were not heard in court until months after his departure from the United States. Dkt. No. 5 at 6. Mr. Moshrif identifies these causes as the following: CR38557, CR38555, CR37945, CR37944, CR37942. *Id.*

On May 24, 2015, King County prosecutors brought a cyberstalking charge against Mr. Moshrif. *Id.*; *see also State v. Moshrif*, No. 15-1-02654-9, Dkt. No. 1 (King Cnty. Super. Ct. May 26, 2015). Mr. Moshrif represents that he was not made aware of either the 2012 charges or the 2015 cyberstalking charge "until very recently." Dkt. No. 5 at 6. The docket in the case reflects

---

[1] INA Section 212(a)(2) provides that "any alien convicted of, or who admits having committed, . . . a crime involving moral turpitude . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Mr. Moshrif avers that his conviction involved domestic violence, Dkt. No. 5 at 6, which may mean, depending on the specific charges, that it qualifies as a crime involving moral turpitude, *see Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165–66 (9th Cir. 2006).

ORDER DISMISSING COMPLAINT - 2

little activity until June 2024. *State v. Moshrif*, No. 15-1-02654-9, docket sheet (King Cnty. Super. Ct.). After Mr. Moshrif reached out to the public defender's office for representation, the court on August 12, 2024 indicated that he could no longer attend hearings remotely and must instead be physically present, which Mr. Moshrif represents is impossible because he is an inadmissible alien under Section 212(a)(2) of the INA and is otherwise ineligible for a waiver under INA Section 212(h). Dkt. No. 5 at 6, 10; *see also State v. Moshrif*, No. 15-1-02654-9, Dkt. No. 4 (King Cnty. Super. Ct. June 26, 2024) (notice of appearance of defense counsel). He alleges that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution have been violated. Dkt. No. 5 at 6–10. Specifically, he alleges that (1) Defendants violated his due process rights by fabricating evidence in his five delayed 2012 charges and his 2015 cyberstalking charge, (2) the King County Prosecutor's Office violated his speedy trial and due process rights by unnecessarily delaying the 2015 cyberstalking charges in violation of his speedy trial and due process rights, (3) the State of Washington violated his due process and speedy trial rights by preventing him from attending his hearings remotely despite knowing that he cannot be physically present in the United States, and (4) his Eighth Amendment rights were violated due to delays in unspecified "charges" and due to Mr. Moshrif's inability to "ever go back to USA to finalize those charges." *Id.* at 7–10.

He requests that the Court grant him relief in one of three ways: (1) by allowing him "to fully attend all hearings and trial via [Z]oom calls"; (2) by ordering the State to "file for the waiver for criminal grounds with the federal government [a]nd get [him] a visit visa and handle all costs for transferring [him] from Egypt to [the] United States to attend all hearings / court appearances in person (while handling costs of [a]ccommodation as well"); or (3) by "[d]ismiss[ing] all charges against [him]." *Id.* at 10–11.

## II. DISCUSSION

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Section 1915(e) applies to all IFP complaints, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Mr. Moshrif's federal case is largely predicated on allegations implicating ongoing state proceedings, specifically the proceedings involving the 2015 cyberstalking charge. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should abstain from hearing and deciding such a federal case in deference to state court proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). If these four requirements are met, a federal court must abstain and has no discretion to do otherwise. *See San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008), *abrogated on other*

1  *grounds*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013). The only exception is if a plaintiff
2  makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would
3  make abstention inappropriate." *Id.* (quoting *Middlesex Cnty. Ethics Comm. V. Garden State Bar
4  Ass'n*, 457 U.S. 423, 435 (1982)); *see also Kenneally v. Lungren*, 967 F.2d, 329, 332 (9th Cir.
5  1992).

6        Here, the *Younger* abstention factors are met with respect to Mr. Moshrif's claims relating
7  to the 2015 cyberstalking charge. First, the underlying state proceedings regarding that charge are
8  ongoing. A state court proceeding is "plainly ongoing" for purposes of *Younger* where, as here,
9  "no final judgment has been entered in state court." *Page*, 932 F.3d at 902; *see also State v.
10 Moshrif*, No. 15-1-02654-9 (King Cnty. Super. Ct. 2015). Second, because the underlying
11 proceedings against Mr. Moshrif involve criminal charges, the proceedings implicate important
12 state interests. *See Kelly v. Robinson*, 479 U.S. 36, 47 (1986) ("This Court has emphasized
13 repeatedly 'the fundamental policy against federal interference with state criminal prosecutions.'"
14 (quoting *Younger*, 401 U.S. at 46)). Third, nothing in Mr. Moshrif's complaint suggests that he
15 has been denied the opportunity, or is otherwise unable, to address the alleged constitutional
16 violations in the state court proceedings through his counsel. *See generally* Dkt. No. 5.

17       As to the fourth factor, Mr. Moshrif's request to dismiss all pending criminal charges would
18 clearly enjoin or have the practical effect of enjoining an ongoing state judicial proceeding.
19 Similarly, any declaration or injunction requiring the state court to administer its proceedings in a
20 particular manner—i.e., to permit Mr. Moshrif to attend hearings and trial remotely or to order the
21 state court to coordinate and cover the costs for his re-entry into the United States—"would
22 interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley*,
23 546 F.3d at 1092. Granting such relief "would frustrate the state's interest in administering its
24 judicial system, cast a negative light on the state court's ability to enforce constitutional principles,

ORDER DISMISSING COMPLAINT - 5

and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." *Gilbertson v. Albright*, 381 F.3d 965, 980 (9th Cir. 2004) (en banc); *see also Yellen v. Hasegawa*, No. 22-cv-00379-JMS-KJM, 2022 WL 20562462, at *5 (Nov. 29, 2022). In sum, Mr. Moshrif's complaint and requested relief require this Court to make determinations regarding alleged constitutional violations that would interfere in the ongoing state court proceedings. This is impermissible under *Younger*. *See Herrera*, 918 F.3d at 1048 (*Younger* abstention was appropriate on certain of plaintiffs' constitutional claims because relief on those claims "require[d] the district court to determine first whether violations of their civil rights have occurred in the course of the state enforcement proceeding, which would create a federal court judgment with preclusive effect over the ongoing state action"). Because Mr. Moshrif makes no "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," *San Jose Silicon Valley*, 546 F.3d at 1092, the Court must abstain.

Mr. Moshrif's complaint can also be liberally construed to allege that prosecutors for the City of Redmond fabricated evidence in his five 2012 charges in violation of his due process rights. Dkt. No. 5 at 6–7. If those proceedings remain ongoing, then the Court abstains from considering Mr. Moshrif's claim under *Younger* for the same reasons identified above. But if those proceedings are closed, then Mr. Moshrif's claims related to those charges are nonetheless be dismissed for failure to state a claim.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id.*; *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss). Here, Mr. Moshrif asserts in conclusory fashion that "[t]he prosecution engaged in evidence fabrication" in connection with the 2012 charges, without describing what evidence was allegedly fabricated. Dkt. No. 5 at 7. This is precisely the type of conclusory "the-defendant unlawfully-harmed-me" accusation that *Iqbal* forbids. 556 U.S. at 678.

Additionally, if Mr. Moshrif wishes to sue the City of Redmond prosecutors in their official capacity as indicated in his complaint, Dkt. No. 5 at 2, he has failed to allege facts sufficient to state a plausible claim against the City of Redmond under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and because "the real party in interest is the entity," a plaintiff seeking to recover damages "in an official-capacity suit must look to the government entity itself."). To the extent Mr. Moshrif seeks to hold the prosecutors individually liable under Section 1983 for prosecuting him, he has not named them or explained why they are not immune from suit here. Prosecutors enjoy absolute immunity when initiating a prosecution, presenting the government's case, evaluating the evidence assembled by law enforcement, and preparing for trial. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016); *see also Herndon v. Washington*, No. 3:22-CV-05141-RAJ-JRC, 2022 WL 1303178, at *3 (W.D. Wash. May 2, 2022) ("Prosecutorial immunity applies . . . even when the act is 'malicious or dishonest.'" (quoting *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005))). Mr. Moshrif also has the burden to establish that his claim is not barred by the applicable statutes of limitations. And finally, Mr. Moshrif seeks no relief with respect to his claim relating to the 2012 charges, violating Rule 8(a)(3)'s requirement that a claim for relief "must contain . . . a demand for the relief sought[.]"

Therefore, Mr. Moshrif's complaint has failed to state a claim on which relief may be granted and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Moshrif's complaint without prejudice. If he chooses to file one, Mr. Moshrif's amended complaint must provide a short and plain statement of the factual basis of each of his claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Moshrif believes support each claim, and the specific relief requested. If Mr. Moshrif does not file a proper amended complaint by November 15, 2024, the Court will dismiss this case.

The Court cautions Mr. Moshrif that he must comply with applicable law and procedural rules. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants must adhere to the same procedural requirements as other litigants). Violations of applicable law or rules may result in sanctions, even when such violations result from use of artificial intelligence. *Mescall v. Renaissance at Antiquity*, No. 3:23-CV-00332-RJC-SCR, 2023 WL 7490841, at *1 n.1 (W.D.N.C. Nov. 13, 2023) ("the use of artificial intelligence . . . may result in sanctions or penalties when used inappropriately"); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023) (imposing sanctions when counsel "submitted non-existent judicial opinions with fake quotes and citations created by the artificial intelligence tool ChatGPT").

Dated this 15th day of October, 2024.

Lauren King
United States District Judge